IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA

Alexandria Division

FILED
AUG 30 2012

| | |
|---|---|
| SCIENTIFIC AND COMMERCIAL SYSTEMS CORPORATION, <br><br> Plaintiff, <br><br> v. <br><br> TESSADA ASSOCIATES, INC., <br><br> Defendant. | Civil Action No.1:11-cv-1278 |

### MEMORANDUM OPINION

In April 2009, Defendant Tessada Associates ("TAI") was awarded a contract by the United States Government to provide certain services to the National Aeronautics and Space Administration's ("NASA") Ames Research Center. TAI subsequently entered into a subcontract (the "Subcontract") with Plaintiff Scientific and Commercial Systems Corporation ("SCSC") in June 2009 to facilitate work on the project. Prior to the execution of the Subcontract, the parties entered into a teaming agreement that generally governed the terms of their relationship, however, the Subcontract explicitly superseded all other writings or oral agreements. After executing the Subcontract the parties modified the Subcontract numerous times, ultimately exercising 19 option periods renewing the period of performance.

1

The Subcontract consisted of a base period of May 1, 2009 through September 30, 2009, and 22 exercisable option periods, each of which extended the period of performance by one month. TAI chose to exercise option periods 1- 19, but declined to exercise option periods 20, 21 and 22. Modification number 16 to the Subcontract stated that its purpose was to "exercise Option period 19, which is valued at $148,121.60 and extends the contract period of performance through November 30, 2011." On November 14, 2011 TAI sent SCSC a letter giving them notice of their decision to not renew the Subcontract again. Thus, the last exercised option period expired on November 30, 2011. SCSC continued working on the Subcontract through November 30, 2011. TAI paid SCSC for all of the work it performed under the Subcontract through November 30, 2011.

On November 22, 2011 SCSC filed a complaint for breach of contract against TAI. SCSC alleged that TAI improperly terminated the subcontract on November 30, 2011, thereby breaching the Subcontract agreement. SCSC and TAI now cross move for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure.

The Court must grant summary judgment when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56. "The burden of the moving party . . . may be

2

discharged by simply pointing out 'that there is an absence of evidence to support the nonmoving party's case.'" Carr v. Deeds, 453 F.3d 593, 608 (4th Cir. 2006), citing Celotex Corp. v. Catrett, 477 U.S. 317, 325 (1986). That is, "[t]he moving party need not produce evidence, but simply can argue that there is an absence of evidence" by which the nonmovant can prevail at trial. Cray Communications, Inc. v. Novatel Computer Systems, Inc., 33 F.3d 390, 393 (4th Cir. 1994).

The Court construes all reasonable inferences in favor of the non-moving party when determining whether there is a genuine issue of material fact. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986). The mere existence of some disputed facts does not merit a trial unless the disputed facts are material to an issue necessary for proper resolution of the case and the quality and quantity of the evidence offered to support a question of fact are adequate to support a jury verdict. Thompson Everett, Inc. v. Nat'l Cable Adver., L.P., 57 F.3d 1317, 1323 (4th Cir. 1995). If the nonmovant fails to identify specific facts that demonstrate a genuine and material issue for trial, then the Court will grant summary judgment "to prevent 'factually unsupported claims and defenses' from proceeding to trial." Felty v. Graves-Humphreys Co., 818 F.2d 1126, 1128 (4th Cir. 1987) (quoting Celotex Corp., 477 U.S. at 324-25); see Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48 (1986).

3

"Mere unsupported speculation is not sufficient to defeat a summary judgment motion if the undisputed evidence indicates that the other party should win as a matter of law." Francis v. Booz, Allen & Hamilton, Inc., 452 F.3d 299, 308 (4th Cir. 2006) (citing Felty, 818 F.2d at 1128).

In a breach of contract claim the burden is upon the plaintiff to plead and prove "a legally enforceable obligation of a defendant to a plaintiff; the defendant's violation or breach of that obligation and injury or damage to the plaintiff caused by the breach of the obligation." Filak v. George, 594 S.E.2d 610, 614 (2004)(citations omitted). Damages are generally not awarded for unexercised option periods to a contract as they are inherently speculative. See In Marketing & Management Information, Inc. v. United States, 62 Fed. Cl. 126, 130-31 (2004) (denying plaintiffs request for damages on two unexercised option periods); Hi-Shear Tech. Corp. v. United States, 356 F.3d 1372, 1380 (Fed. Cir. 2004)(plaintiff could not claim breach of contract damages for two unexercised option years).

Further, if the "agreement is complete on its face and is plain and unambiguous in its terms, the court is not at liberty to search for its meaning beyond the instrument itself ... because the writing is the repository of the final agreement of the parties." Schneider v. Continental Casualty Co., 989 F.2d

4

728, 731 (4th Cir.1993) (quoting Lerner v. Gudelsky Co., 334 S.E.2d 579, 584 (Va. 1985). When a contract term expires, the contractual relationship ends. See Cessna Aircraft Co. v. Dalton, 126 F. 3d 1442, 1453 (Fed. Cir. 1997)(holding that after the expiration of the contract, contractor was no longer required to perform unless and until an option to renew was executed); Vantage Associates, Inc. v. England, 25 Fed. Appx 859, 861 (Fed Cir. 2001)(holding that when the contract is complete the contractual relationship ends).

Here, the Subcontract is unambiguous. In clear language modification number 16, which renewed the Subcontract for another month, stated that it was to end on November 30th, 2011. Modification number 16 explicitly exercised option period 19, and no other modification to the Subcontract was executed thereafter. Accordingly, the Subcontract, by its express terms, expired on November 30th, 2011.

TAI had no legal obligation to continue a contractual relationship past the period of performance agreed upon by the parties. No language in the Subcontract, or in any modification to it, required TAI to exercise any option period. Thus, the characterization of the end of the contractual relationship as a "termination" or a "cancellation" is irrelevant. No matter how the end of the contract period is characterized, TAI had every

5

right to decline to exercise additional options to the Subcontract with SCSC.

Because the contract was to end on November 30th 2011, TAI's actions do not as a matter of law constitute a breach of contract. TAI did not have a legally enforceable obligation as to SCSC beyond November 30th, 2011. Therefore, there was not a breach or violation of an obligation by TAI and no damages resulted.

For the foregoing reasons, Defendants' Motion for Summary Judgment should be granted. An appropriate order shall issue.

/s/
Claude M. Hilton
United States District Judge

Alexandria, Virginia
August 30, 2012